David **GREEN**, Plaintiff–Appellant,

v.

Kenneth S. **APFEL**, Commissioner of Social Security, Defendant–Appellee.

Docket No. 01–6117.

United States Court of Appeals, Second Circuit.

Dec. 28, 2001.

David Green, Brooklyn, NY, pro se.

Elliot M. Schachner, Assistant United States Attorney, (Kathleen A. Mahoney and Varuni Nelson, Assistant United States Attorney; Alan Vinegrad, United States Attorney, Eastern District of New York, on the brief), Brooklyn, NY, for Appellees.

Present FEINBERG, POOLER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it is AFFIRMED.

David Green appeals from an order of the United States District Court for the Eastern District of New York (Raggi, *J.*) upholding the decision of an administrative law judge to deny Green benefits. For the reasons given below, we affirm.

Green applied for disability benefits in 1992, claiming his knee and back injury prevented him from working from August 2, 1991 through September 1993. His application was denied, and he filed a notice for reconsideration, which was also denied.

Green requested a hearing before an administrative law judge ("ALJ"), which took place in June 1993. At the hearing, Green was represented by counsel. By order entered in December 1993, the ALJ denied Green's application, concluding he was not disabled. The ALJ stated that none of Green's health problems, either alone or collectively, were severe enough to constitute a listed impairment.

Green appealed to the Appeals Council, which remanded the case, asking the ALJ to consider medical records submitted by Green after the June 1993 hearing. The ALJ held another hearing on October 11, 1994. During the hearing, Green's counsel told the ALJ he could not say whether Green's doctor considered Green's pain when making his report. When the hearing ended, the ALJ advised counsel that he had thirty days to question Green's doctor or any of the other doctors as to whether Green was limited by pain or other problems not previously considered. In July 1995, the ALJ again denied Green's application for benefits. The ALJ concluded that Green's only severe impairment during the closed disability period was his left knee injury, which the ALJ found did not meet or equal the impairments listed in the regulations governing benefits.

Green filed a complaint in district court in February 2000, seeking review of the ALJ's decision. The district court granted the Social Security Commissioner's motion for judgment on the pleadings, concluding there was substantial evidence in the record showing Green was capable of sedentary work. Further, the district court found the ALJ was required only to take appropriate steps to develop the record, and did not have an obligation to contact Green's doctor directly. The district court

found the ALJ could reasonably conclude the expert would have taken Green's pain into account when making his report without contacting the expert directly.

"In reviewing district court decisions in disability cases, we undertake our own plenary review of the administrative record to determine whether substantial evidence supports the [Commissioner's] denial of benefits." *Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir.1986). Reversal is warranted only if the Commissioner's decision is not supported by substantial evidence. *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir.1995). The evidence shows Green, while unable to work in his previous profession, is able to engage in sedentary work. The district court thus correctly upheld the Commissioner's decision.

■■■ Green also argues the ALJ failed to properly develop the record because the ALJ did not contact Green's doctor to see if the doctor took Green's pain into account. "The ALJ generally has an affirmative obligation to develop the administrative record," even where a claimant is represented by counsel. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.1996) (citations omitted). Where there are "clear gaps" in the administrative record, the ALJ cannot reject the diagnosis of a treating physician without first attempting to obtain the missing information. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir.1999). When an ALJ fails to adequately complete the record, we vacate the district court's judgment and remand for further administrative proceedings. *Rosa*, 168 F.3d at 79–81. Here, the ALJ and district court improperly concluded the ALJ had no affirmative obligation to contact Green's doctor for additional information as to whether Green's pain was considered in assessing his capacity to perform work.

The error was harmless, however, as we uphold the district court's opinion on substantial evidence grounds. *See Eichelberg v. Nat'l R.R. Passenger Corp.*, 57 F.3d 1179, 1186 n. 6 (2d Cir.1995) (holding we may affirm the district court "on any ground that finds adequate support in the record.") (citation omitted). Here, the ALJ did not reject the doctor's diagnosis, but, rather, accepted it, along with the assertion that Green did experience pain as a result of his knee injury. What the ALJ rejected were Green's contentions that he suffered "excruciating pain." The ALJ's determination that Green's statements concerning the extent of his pain were not credible is supported by substantial evidence—specifically, the reports of other treating doctors as to Green's capacity to perform work-related activities, Green's own testimony that he did not seek medical attention after October 1992, and Green's testimony he did not require prescription medication for pain. Thus, the record before the administrative law judge, which included Green's complete medical history, does not approach the inadequate nature of the administrative records in those cases where we have chosen to remand. We therefore affirm the district court.

We have examined the remainder of Green's arguments and we find them without merit.